IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RHONDA LONG, #48712-177, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | CIVIL NO. 3:16-CV-1506-B-BK | |
| § | (Criminal No. 3:14-CR-0367-B-2) | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the section 2255 motion be **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In 2015, Petitioner pled guilty to possessing with intent to distribute a controlled substance and was sentenced under the career offender provisions of the United States Sentencing Guidelines to 188 months' imprisonment. Crim. Doc. 899. On April 20, 2016, her appeal was dismissed for failing to present a nonfrivolous issue for review, Crim. Doc. 2364. This Court subsequently denied her motion to reduce sentence. Crim. Doc. 2351.

On June 6, 2016, Petitioner filed this timely section 2255 motion, challenging her conviction and sentence. Doc. 2 at 4-7. She claims that she received ineffective assistance of counsel and that she qualifies for a sentence reduction. She also challenges her sentence as unconstitutional under the Supreme Court's holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), violates the Constitution's

guarantee of due process. The stay of this case, pending the Supreme Court's seminal ruling in *Beckles v. United States*, ___ U.S. ___ 137 S. Ct. 886 (2017), has been lifted; thus, the section 2255 motion to vacate sentence is ripe for review.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255 a petitioner can collaterally challenge her conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Ineffective Assistance of Counsel (Claim 1)

Petitioner's ineffective assistance of counsel claims are conclusory and should be summarily dismissed. She avers that counsel "didn't discuss appeal – even *Anders*" and "fail[ed] to provide a defense." Doc. 2 at 4. Her claims are devoid of all factual enhancement, however, and her assertions that counsel rendered ineffective assistance are clearly insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Without any specific allegation of what counsel did or failed to do, Petitioner cannot raise an issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Pineda*, 988 F.2d at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

That notwithstanding, Petitioner has not only failed to show that counsel's performance was deficient, but also how it would have altered the outcome of the guilty plea process. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Moreover, she has presented no non-frivolous issue that warranted briefing on the merits in her direct appeal. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (when a petitioner asserts that appellate counsel erroneously failed to file a merits brief, he can satisfy the first part of the *Strickland* test by showing that a reasonably competent attorney would have found that at least one of his claims presented a non-frivolous issue). Notably, on direct appeal, Petitioner failed to respond to counsel's *Ander*'s brief, although notified of her right to do so. *See* Crim. Doc. 2364. Consequently, Petitioner's ineffective assistance of counsel claim lacks merit and should be dismissed.

### B. Two-Point Reduction and Sentencing Factors (Claims 2 and 4)

Next, Petitioner claims she is entitled to a two-point reduction under Amendment 782, which reduced the offense levels for drug quantities found in U.S.S.G. § 2D1.1. Doc. 2 at 5. She also contends the Court did not "fully consider" all sentencing factors under 18 U.S.C. § 3553(a) when it imposed her sentence. Doc. 2 at 5, 8. However, because Petitioner failed to raise these claims on direct appeal, they are procedurally defaulted, absent a showing of cause and prejudice or that the petitioner is "actually innocent" of the crime for which she was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing* United States v. Frady, 456 U.S. 152, 168 (1982)). Petitioner presents nothing to satisfy either the cause-and-actual prejudice or the actual innocence prong. Moreover, to the extent she claims the Court misapplied the Sentencing Guidelines, her claims are not cognizable on section 2255 review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of sentencing

guidelines does not give rise to a constitutional issue cognizable under section 2255). Therefore, claims 2 and 4 also fails.[1]

### C. Sentence Enhancement (Claim 3)

Lastly, Petitioner claims that the enhancement of her sentence is unconstitutional in light of *Johnson*. Doc. 2 at 7. However, *Johnson* has no bearing on Petitioner's case because her sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather Petitioner was sentenced, as previously noted, under the career offender provisions of the Sentencing Guidelines, and the Supreme Court recently held that the rule in *Johnson* does not apply to the Sentencing Guidelines. *See* Beckles, ___ U.S. at ___, 137 S. Ct. at 895 (holding the Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment Due Process Clause). Accordingly, this claim likewise fails.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party

---

[1] As a career offender, Petitioner was not entitled to a two-point reduction under Amendment 782. *See United States v. Barber*, ___ Fed. App'x ___, 2017 WL 65376 (5th Cir. 2017) (career offender's guideline calculation was not affected by amendment 782). The Court denied Petitioner's previous request for a two-point reduction under Amendment 782 on this basis and she did not appeal. Crim. Doc. 2351.

is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

**SIGNED** April 13, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE